[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter, plaintiff seeks to foreclose its second mortgage on an undeveloped parcel of land located in Ridgefield, Connecticut. The mortgage note is in the principal amount of $1,300,000 and is dated September 4, 1991. The note provides for, inter alia, attorney's fees and interest at the rate of 10 percent per annum. Further, the note matures on "the earlier of (i) September 4, 1993, or (ii) the date funds are available to Maker [defendant] under a construction loan for the Titicus Springs Life Care Center project."
The sum of $1,000,000 was advanced to the defendants.
There were also two contemporaneous letter agreement which provided that the plaintiff would provide the defendants up to $1,000,000 in cash and preconstruction services at a guaranteed cost not to exceed $125,000. The cash advances and preconstruction services payments were deferred by adding these amounts to Schedule A of the mortgage note.
The total amount advanced was as follows:
Cash $ 1,000,000.00
Preconstruction services 84,644.73
Interest to October 12, 1995 424,069.70
In addition to the above, there is a first mortgage on the property in the amount of $550,000 to Nutmeg Federal Savings 
Loan Association. The evidence adduced at trial indicated that no payment has been made on the Nutmeg Mortgage since March, 1995, and that separate foreclosure proceedings have been commenced by Nutmeg. The defendants admit nonpayment but they have also raised defenses to that foreclosure action.
The Pavarini mortgage expressly defines an event of default as "the occurrence of a default under and the acceleration of the Nutmeg mortgage."
The defendants admit that they have not paid the Nutmeg mortgage in accordance with its written terms but further claim CT Page 11956 that they are not in default because of the several defenses they have raised. Their position is that unless they have been legally adjudicated as being in default by a court of competent jurisdiction, any reliance by the plaintiff on the Nutmeg "default" provision is premature.
The defendants further claim that there was fraud in the inducement in that the plaintiff orally agreed to extend the mortgage term, that it breached its agreement to extend the mortgage for two years, that it breached its fiduciary duty owed to the defendants by intentionally interfering with the defendants' ongoing negotiations to sell the property and, finally, it breached its covenant of good faith and fair dealing implied in the mortgage contract.
The court rejects all of these contentions.
The evidence does not support any of the defendants' special defenses or its counterclaim. In fact, the court is satisfied that no such agreement was made between the parties, either prior to the execution of the mortgage instruments or subsequently thereafter.
The court further finds that notice of default was given to the defendants and that there has been a failure of repayment of the moneys advanced to the defendants by the plaintiff. The defendants are found to be in default of its obligation to repay the moneys lent in accordance with the executed documents.
The court, therefore, need not address the efficacy of the claim that nonpayment of the Nutmeg mortgage constitutes a default so as to accelerate payment of the subject mortgage.
The court finds the property to have a fair market value of $5,500,000. Judgment may enter in the amount of $1,508,714.43 in favor of the plaintiff consisting of $1,000,000 in cash advances; $84,644.73 in preconstruction services; and interest in the amount of $424,069.70 to date.
Attorney's fees are awarded in the amount of $50,000.
The amount of $3,500 is awarded as an appraisal fee.
Judgment may further enter in favor of the plaintiff as to the defendants' counterclaim. CT Page 11957
A judgment of foreclosure by sale is entered.
A title search fee of $250 is ordered.
Attorney Robert V. Eberhard, 2 Old New Milford Road, Brookfield, Connecticut, is appointed as a committee to handle the sale.
The committee shall obtain liability insurance in the amount of $250,000.
Return of Appraiser is due on December 9, 1995.
Sale date is set for January 13, 1996 at 12:00 noon.
Deposit required in cash, certified check or bank check in the amount of $100,000 (not waived for the plaintiff).
Advertisement shall be in the Danbury News-Times on December 30, 1955, January 6, 1996, and January 12, 1996.
Sign to be placed on premises by December 9, 1995, and cost not to exceed $450. The cost is within the discretion of the committee with a 10 percent range.
Inspection shall be between 9:00 a.m. and 12:00 noon on January 13, 1996.
A police officer may be procured at the discretion of the committee.
Closing shall take place within thirty (30) days or down payment is forfeited.
Purchaser shall acquire title subject to first mortgage and taxes.
Mihalakos, J.